## N. Y. MARINE COURT.

MORRIS WENTZLER agt. JOSE B. ROSS.

*Attachment against property — Fraudulent disposition — Code of Civil Procedure, section 3169.*

The failure to allege, in the language of section 3169, subdivision 5 of the Code of Civil Procedure, that the defendant is an adult is not material. The law will presume that he is an adult, and what is presumed need not be otherwise proved in the first instance.

Facts stated in an affidavit upon information and belief are evidence where the affiant gives the sources of his information and a sufficient excuse for not obtaining the affidavits of the informants.

*Special Term, September,* 1880.

MOTION to vacate attachment against property.

*H. E. Farnsworth,* for motion.

*Blumensteil & Hirsch,* opposed.

Wentzler agt. Ross.

McADAM, *J.* — The plaintiff alleges a cause of action for the recovery of $1,534.75 for goods sold and delivered by him to the defendant at his request and at prices agreed upon. The breach assigned is the failure of the defendant to pay for the goods (*Salisbury* agt. *Stinson,* 10 *Hun,* 242). Thus we have the contract and its breach. The failure to allege, in the language of section 3169, subdivision 5 of the Code of Civil Procedure, that the defendant is an adult is not material. The law will presume that he is an adult; and what is presumed need not be otherwise proved in the first instance. The facts stated in the affidavit upon the affiant's information are made evidence where, as in this case, he gives the sources of his information and a sufficient excuse for not obtaining the affidavits of the informants. The defendant's foreman, Mr. Murphy, told the plaintiff that the defendant intended to make a general assignment, and that in order to prevent his property from being administered thereunder, he was selling and disposing of his goods without making any entries in his books. (1.) That he sold an item of $234 to E. Foland & Co. in this way. (2.) That on September 7, 1880, he sent $486 to his mother in Connecticut; and (3.) About the same time gave one Sommers, a pawnbroker, about $600 in business paper. (4.) That the defendant had told him that he was going to ship away large quantities of goods. (5.) That the defendant has been collecting large amounts of accounts, and the week preceding the attachment collected $1,000 from various parties. (6.) That he recently disposed of an interest in a mortgage; and all these acts are said to be in anticipation of a contemplated fraud upon creditors. These acts, susceptible of explanation or denial by the defendant (if untrue), are left unanswered and unexplained, and make out a *prima facie* case sufficient at least to call upon the defendant for some answer or explanation. The motion to vacate the attachment will, therefore, be denied with leave to renew upon affidavits.